UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:17-cr-00573 ) ) |
| MITCHELL DAVIS, DC, | ) ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DR. DAVIS'S AMENDED MOTION FOR ISSUANCE OF SUBPOENAS**

Dr. Mitchell Davis requests that the Court issue subpoenas for documents and testimony to William Sorrell and Thomas Traube and their law firm's affiliated entities (collectively, "S&T"). ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ The subpoenas request S&T's oral testimony as well as the following records:

> For the time period from January 1, 2007 through December 1, 2016, any and all records, including emails, text messages, invoices, and bank records (e.g., checks, withdrawal receipts) related to payments to Mitchell Davis or Galina Davis for accident reports.

███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████

████████ These facts, and those to be developed by the subpoenas, are important in determining an appropriate sentence for Dr. Davis, and Dr. Davis therefore respectfully requests that his motion be granted.

## I. FACTS

**A.** ███████████████████████████████████

The government began investigating Dr. Davis ███ on suspicion of health care fraud in 2009. ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████

■ ████████████████████████████████████
████████████████

████████████████████████████████████████

████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██

████████████████████████████████████████

─────────────────────

████████████████████████████████████████
████████████████████



4

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████ Dr. Davis believes that the evidence called for by the subpoenas will assist the Court ████████████████████████████

██████████████████

███████████████████████████████████████████████

████████████████████████████████ Dr. Davis believes that the evidence called for by the subpoenas will assist the Court in determining Dr. Davis's relative culpability in connection with the conspiracy.

## II.   ARGUMENT

Federal Rule of Criminal Procedure 17(a) requires the Clerk of Court to issue a subpoena in blank to a party requesting it, which subpoena a party must fill out before serving it. In light, however, of this Court's local practice with respect to the issuance of subpoenas in criminal cases, Dr. Davis filed a motion before this Court for issuance of subpoenas to S&T on May 25, 2018 (Doc. #43), which the Court denied on August 3, 2018, as moot in light of the continuance of the sentencing date in the matter until August 23, 2018 (Doc. #59). Dr. Davis renewed his motion on August 6, 2018 (Doc. #60), requesting subpoenas for the August 23, 2018 setting. The Court then sua sponte reset Dr. Davis's sentencing until August 28, 2018 (Doc. # 61), causing Dr. Davis to now file an amended motion by attaching subpoenas reflecting current setting for his sentencing.

On August 9, 2018, this Court ordered a hearing on Dr. Davis's motion for subpoenas (Doc. #62). Although the Court need not determine the relevance of evidence sought by the subpoenas prior to their issuance, Dr. Davis submits this memorandum for the purpose of assisting the Court in understanding the factual underpinnings of Dr. Davis's request and the importance of the

evidence sought by the subpoenas to the issues in Dr. Davis's impending sentencing proceeding.[2]



---

[2] Dr. Davis acknowledges that, once the Court has issued the subpoenas, S&T shall have the opportunity to move to quash or otherwise resist compliance with the subpoenas under Federal Rule of Criminal Procedure 17. *See* 2 Charles Alan Wright & Peter J. Henning, *Federal Practice and Procedure* § 274, at 255–57 (2009) ("Rule 17(c)(2) provides for a motion to quash a subpoena duces tecum. There is no similar provision with regard to subpoenas to testify. Although courts have granted motions to quash, the better practice in ordinary cases is to require the witness to appear and claim any privilege or immunity he may have."); *see also* 2 *Orfield's Criminal Procedure Under the Federal Rules* § 17:73 ("[O]n timely motion the subpoena may be quashed if compliance would be unreasonable or oppressive. This method is employed because of the inherent difficulty of determining the relevancy or competency of evidence in advance of actual production in court."). However, as explained below, any motion would not be well taken. *See infra* § II-C.

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████████████

**B.     The evidence sought by the subpoenas will assist this Court in its assessment of Dr. Davis's relative culpability.**

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████

───────────────────────────
████████

████████████████████████████████

▓ Although the government and Dr. Davis have worked diligently to reach an agreement on the many areas of dispute in the Disclosure PSR, the statement in this paragraph relating to relative culpability is one of a select few issues the parties have been unable to resolve.

7



### C.  The subpoenas are narrowly tailored, reasonable, and do not call for privileged information.

While Dr. Davis anticipates that S&T may resist responding the subpoenas, they have no valid basis to do so. As an initial matter, none of the documents requested implicate the attorney-client privilege, constitute attorney work product, or involve communications between the lawyers of S&T and their clients. Instead, the subpoenas ask only for records from 2007 to 2016 related to payments by S&T to Dr. Davis or Galina Davis for accident reports.

Likewise, while Sorrell & Traube may personally and individually invoke the Fifth Amendment protection against self-incrimination, the law firm entities may not, as collective entities have no such protection. *See In re Grand Jury Witnesses*, 92 F.3d 710, 712 (8th Cir. 1996)

---

[4] Further, the fact that Dr. Davis is only seeing one category of documents suggests that two weeks is a reasonable time to respond to the subpoena. In *The Hunte Corp. v. Martinelli*, No. 10-9005-MC-S-RED, 2010 WL 4813849, at *2 (W.D. Mo. Nov. 19, 2010), *aff'd in part sub nom. Hunte Corp. v. Martinelli*, 446 F. App'x 818 (8th Cir. 2011), the court denied a motion to quash a subpoena on the grounds of unreasonable time to respond where the subpoena sought 25 categories of documents within two weeks.

8

(finding that "the Fifth Amendment does not protect corporations and other 'collective entities' from compelled self-incrimination") (citing *Bellis v. United States,* 417 U.S. 85, 100–01 (1974) (holding that law partnership does not have Fifth Amendment right against self-incrimination)).

Courts have held that "[t]he party seeking to quash or modify the [Rule 17] subpoena bears the burden of showing it is unreasonable or oppressive. *Matter of Grand Jury Proceedings (Krynicki)*, 2 F.3d 1153, at *2 (7th Cir. 1993) (citing *United States v. R. Enterprises, Inc.*, 498 U.S. 292 (1991))." *United States v. DNRB, Inc.*, 257 F. Supp. 3d 1033, 1036 (W.D. Mo. 2017). Dr. Davis respectfully submits that S&T are unlikely to be able to meet that burden in this case.

### D. S&T have engaged in suspicious behavior in response to Dr. Davis's motion for subpoenas.

In addition to the relevance of the evidence called for by the subpoenas themselves, S&T's actions in response to Dr. Davis's motion and the Court's decision to set a hearing on that motion also merit the Court's attention. As described below, since Dr. Davis's motion for subpoenas to S&T became public, S&T have pursued multiple unsolicited contacts with Dr. Davis, Galina, the Davises' son, and one of Dr. Davis's attorneys.[5]

In the first two contacts, S&T offered to and ultimately did provide sentencing letters on behalf of Dr. Davis ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In one of the subsequent contacts, which evidently occurred after this Court notified S&T of the impending hearing on Dr. Davis's motion, Sorrell appears to have falsely represented to Dr. Davis's attorneys that he had not been contacted about the subpoenas. Dr. Davis believes that these circumstances may require this Court's attention in connection with its administration of the upcoming hearing.

---

[5] Dr. Davis's counsel promptly informed the government of each of these unsolicited contacts.

9

**1.** ██████████████████████████████

On August 9, 2018, only three days after Dr. Davis's requested subpoenas became publicly available on PACER and only hours after the Court ordered a hearing on Dr. Davis's motion for subpoenas to S&T, Traube called Dr. Davis and asked whether the parties had agreed upon a sentence and volunteered to write him a sentencing letter. Dr. Davis, surprised by the offer in light of his request for subpoenas to S&T, thanked Traube and asked Traube to speak with Galina about coordinating the letter. Galina, similarly surprised, told Traube to send any sentencing letter to Dr. Davis's counsel.

That evening, Traube emailed a sentencing letter to Dr. Davis's counsel, falsely stating that "Mitchell Davis asked if I would be willing to write a sentencing letter for him." **Exhibit 2**, August 9, 2018 email from T. Traube to S. Doran and sentencing letter from T. Traube. Traube then texted Galina, confirming that he sent the letter and stating that Sorrell would also send a letter. Galina, still surprised by the unsolicited contact from S&T, thanked Traube via text. On the morning of August 10, 2018, Sorrell also emailed a sentencing letter to Dr. Davis's counsel, stating that he was "[s]ending the character letter per Mitchell Davis," misleadingly implying that Dr. Davis requested the letter. **Exhibit 3**, August 10, 2018 email from W. Sorrell to S. Doran and sentencing letter from W. Sorrell.

   2.   *S&T's unsolicited contacts continued after the Court's notification of the hearing.*

At approximately 12:30 PM on August 10, 2018, the government learned that the Court had notified S&T earlier that day about the hearing on Dr. Davis's motion for subpoenas. Following the Court's notification, at 1:06 PM, Dr. Davis received a phone call from Traube, which he did not answer. Within a matter of minutes, Traube then called both Galina and the

Davis's son, a law student in Kansas, neither of whom answered his calls.[6] █████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████

At approximately 2:30 PM, Sorrell called counsel for Dr. Davis and left a voicemail, stating that he "was looking on . . . PACER, just to kind of keep up with the history of this thing, and it says that there is a hearing scheduled for Tuesday—something about some subpoenas for myself and Tom Traube. . . . I don't know what it is you need, but I didn't get a phone call from anybody." Despite Sorrell's claim to not know what the subpoenas request, they are fully available to view on PACER. Sorrell's claim that he did not get a phone call from anyone and his suggestion that he only happened to notice the hearing setting on PACER is inconsistent with the fact that the Court had evidently notified Sorrell of the upcoming hearing relating to the subpoenas earlier that day.

On August 13, Sorrell again called counsel for Dr. Davis, stating that he wanted "clarity" on the pending request for subpoenas. Given S&T's prior suspicious communications, counsel for Dr. Davis declined to engage with them.

### III.   CONCLUSION

The subpoenas requested by Dr. Davis seek evidence relevant to several issues at Dr. Davis's sentencing, including his relative culpability █████████████████
████████████████████████████████████████████████████████████████████

---

[6] S&T's behavior in the past several days is troubling for many reasons including that, as members of the bar, they are bound by Missouri Rule of Professional Conduct 4-4.2, prohibiting, under most circumstances, "communications with any person who is represented by counsel on the matter to which the communication relates." Comment 2 to Rule 4-4.2.

███████████████████████ It is unlikely that S&T will be able to state a proper basis for resisting the subpoenas, especially in light of their recent efforts to make unsolicited contacts with the Davises and Dr. Davis's attorney. Dr. Davis therefore submits that there is no lawful reason that the subpoenas should not issue as requested, and he respectfully requests that the Court grant the motion.

Respectfully submitted,

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768MO
Bryan Cave Leighton Paisner LLP
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone: (314) 539-2080
*richard.finneran@bryancave.com*


*/s/ Gregory S. Saikin*
GREGORY S. SAIKIN
Texas Bar No. 24051281
EDMO Bar No. 24051281 *(pro hac vice)*
gsaikin@bakerlaw.com
SAMUEL E. DORAN
Texas Bar No. 24095762
EDMO Bar No. 24095762 *(pro hac vice)*
sdoran@bakerlaw.com
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on August 14, 2018, the foregoing document was filed electronically via the Court's electronic filing system and served upon all counsel of record by means of the Court's Notice of Electronic Filing pursuant to Local Rule 5 - 2.12.

                                     /s/ *Richard Finneran*
                                     RICHARD E. FINNERAN, #60768MO